IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| David Warrenhuffman, | : | |
| | : | Case No. 1:25-cv-721 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Warden, Southern Ohio Correctional | : | Recommendation and Dismissing with |
| Facility, | : | Prejudice the Complaint |
| | : | |
| Defendant. | | |

Plaintiff David Warrenhuffman, an inmate at the Southern Ohio Correctional Facility ("SOCF"), has filed a difficult-to-decipher Complaint against the Warden of SOCF and Dave Yost, the Attorney General of Ohio. (Doc. 9.) Magistrate Judge Elizabeth P. Deavers issued a Report and Recommendations on November 17, 2025 recommending that the Court dismiss the Complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted. (Doc. 10.) For the reasons that follow, the Court will adopt her recommendation.

**I.**

Federal Rule of Civil Procedure 72(b)(1) authorizes magistrate judges to make recommendations concerning dispositive pretrial matters that have been referred to them. A district court is not required to independently review a report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error. *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011).

1

## II.

Warrenhuffman is proceeding *pro se*—without the representation of counsel—and *in forma pauperis*—without the payment of filing fees. (Docs. 7, 9.) District courts must dismiss an *in forma pauperis* complaint if the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Denton v. Hernandez,* 504 U.S. 25, 31–32 (1992). District court must *sua sponte* review prisoner complaints seeking redress from a government entity or officer under the same standards. 28 U.S.C. § 1915A. A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (stating that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under § 1915(e)(2)(B)(ii)).

## III.

In the Complaint, Warrenhuffman cites to Ohio Administrative Code chapter 1301:6–3, which provides rules related to the Ohio Securities Act, and appears to seek to recover proceeds of an unspecified account or securities. (Doc. 9 at PageID 119–120.) The Magistrate Judge reviewed the Complaint *sua sponte* pursuant to §§ 1915(e)(2)(B) and 1915A, and she concluded that the allegations "are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction." (Doc. 10 at PageID 159.) Warrenhuffman did not file objections to the Report and Recommendation. The Court finds no clear error and agrees

with the Magistrate Judge's recommendation to dismiss the case with prejudice.

Accordingly, the Report and Recommendation (Doc. 10) is **ADOPTED** and the Complaint (Doc. 9) is **DISMISSED WITH PREJUDICE**.  The Court certifies under 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**

                BY THE COURT:

                S/Susan J. Dlott
                Susan J. Dlott
                United States District Judge